■ In the Matter of the Claim of IRENE BOGGS, Respondent, v. ELIZABETH BENNETT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed August 15, 1972. Claimant, a licensed practical nurse, sustained an injury to her back while lifting a patient, appellant Bennett's invalid mother, from a chair at her home. Her duties were limited to nursing services, and, as a relief nurse, she was to receive a daily fee. In the event she worked a portion of a day, remuneration was broken down into a payment of $6 for "the

first part of the day and so much for each hour thereafter ". Following claimant's injury, appellant Bennett issued directions, obtained replacement assistance and paid claimant on the prearranged part-time basis. Although no deductions for Social Security or withholding taxes were made from payments to claimant, there is evidence in the record to sustain a factual determination of sufficient control over claimant's duties to establish an employer-employee relationship. This factor of control, together with the right to discharge as exercised herein, further supports the board's decision (*Matter of Worth* v. *Hubbell Lbr. Corp.*, 29 A D 2d 1025; *Matter of Grigoli* v. *Nito*, 11 A D 2d 581; *Matter of Clancy* v. *Henry*, 2 A D 2d 737). On the issue of accident causally related to employment, the board's factual determination is supported by substantive evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.